United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Criminal Case No. 23-20259 |
| ) | |
| Tania Cesar, Defendant ) | |

## Order

This matter is before the Court upon the Government's motions in limine and incorporated notices of intent to introduce evidence under Federal Rules of Evidence 1006 and 404(b). (**Mots., ECF Nos. 24, 27; Notices of Intent, ECF Nos. 20, 23**). The Defense filed written responses to the government's arguments (ECF Nos. 31, 32), and the government filed replies (ECF Nos. 36, 37). The Court heard oral arguments on the motions on February 5, 2024 before trial. For the reasons below and those stated on the record, the Court **grants in part and denies in part** the Government's motions. (**ECF Nos. 24, 27**.).

1. **Background**

Defendant Tania Cesar is charged with conspiracy to commit health care fraud and wire fraud and six counts of healthcare fraud for allegedly signing patient files at Elite Therapy Group, Inc. for physical therapy that she never performed, knowing that the patients' insurers would be billed for the nonexistent services. (Indictment, ECF No. 3.) In the filings before the Court, the Government seeks approval to introduce evidence that: (1) Cesar fraudulently signed patient files at Zion Medical Group Inc. the year before she was charged for fraudulently signing files at Elite; (2) Cesar worked at three other physical therapy clinics during her employment at Elite and told the FBI that she never signed incomplete patient files at those clinics; (3) Cesar was terminated from Kindred Healthcare in March 2018 for billing for therapy services not provided, and (4) Cesar could not have provided therapy sessions to the volume of patients she received payments for. (Mot., ECF No. 24.) The Government also seeks to exclude impeachment evidence regarding a witness's two prior arrests. (ECF No. 27.)

2. **Analysis**

A. **Evidence regarding fraudulently signing therapy records at Zion Medical**

The Government seeks to introduce evidence through the testimony of Zion Medical's owner that "the year before the defendant started fraudulently signing patient therapy records at Elite (2019), she was doing exactly that at Zion Medical," and that she "knew that patients whose records she signed were not receiving physical therapy because she never conducted therapy for those patients (or any other patients) and they never returned to Zion Medical for follow-up visits." (Mot., ECF No. 24 at 2-3.) At the hearing, the Defense objected to this testimony on Federal Rule of Evidence 403 grounds, arguing that this evidence would be unfairly prejudicial and should be excluded.

For starters, Rule 404(b) disallows using evidence of a person's prior bad act to show his propensity for acting in line with the act. Fed. R. Evid. 404(b)(1). However, it *does* allow using a prior bad act to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The evidence is admissible as long as its probative value is not "substantially outweighed" by "unfair prejudice." *See United States v. Jernigan*, 341 F.3d 1273, 1280-82 (11th Cir. 2003), *abrogated on other grounds by Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Here, the Court will allow the admission of the evidence regarding Cesar's conduct at Zion Medical because it shows state of mind, modus operandi, and lack of mistake, and the probative value of the evidence is not substantially outweighed by potential prejudice. However, the Government is cautioned that this testimony and evidence should not become a major feature of the trial.

**B. Evidence regarding Cesar's employment at other clinics**

**I. Summary exhibits**

Next, the Government argues that the Court should admit two exhibits pursuant to Rule 1006 that summarize 1) financial records and checks from Elite and 2) patient therapy records, hours reports, and insurance claims data. (Mot., ECF No. 24.) The Government represents that all the underlying records summarized by these exhibits are self-authenticating and will be entered into evidence at trial.

The Court conditionally grants the Government's motion with respect to these exhibits, with the understanding that the charts must accurately reflect the underlying, admitted documents. If any underlying documents are deemed inadmissible, the Government shall ensure that the summary exhibits do not include those documents and reflect *only* the information contained in admitted documents.

### II.     Statements to the FBI

The Government plans to call an FBI agent as a witness regarding 2021 statements that Cesar made, stating that she did not sign blank therapy notes without seeing patients and discussing her time working at three physical therapy clinics in addition to Elite. (Mot., ECF No. 24.) The Government argues that this evidence is admissible because it shows Cesar's knowledge that signing blank therapy notes was improper and to show that she signed therapy notes for Elite on days that she supposedly worked full time at another clinic. This evidence is relevant and admissible. Furthermore, to the extent the Government seeks to admit employment records reflecting Cesar's training, experience, and overlapping dates of employment between the various clinics where she worked, these records are admissible.

### III.    Discharge letter from Kindred Healthcare

The Government also sought admission of a letter from Kindred Healthcare dated March 2018, stating that Cesar's employment had been terminated because she "billed for therapy services not provided" and failed to follow other policies and procedures. (Mot., ECF No. 24 at 3.) After objecting that the letter would be improper character evidence, the Defense agreed at the hearing to stipulate to the fact that Cesar worked at Kindred Healthcare only until March 2018 and she was aware that she no longer worked at Kindred as of that date. Based upon this stipulation, the Court excludes the discharge letter from Kindred Healthcare under Rule 404(b).

### C. Impeachment evidence

The Government seeks to preclude the Defense from impeaching a witness ("D.M.U.") using D.M.U.'s 2001 misdemeanor defrauding an innkeeper charge and 2007 cocaine trafficking charge. (Mot., ECF No. 27.) Adjudication was withheld in both cases. At oral argument, the Defense agreed that it will not use the 2001 charge on cross examination, and the Government's motion is therefore granted by agreement with respect to the 2001 charge.

Federal Rule of Evidence 609 allows the admission into evidence of prior criminal convictions as long as the convictions are less than 10 years old, among other requirements. D.M.U.'s cocaine trafficking case plainly does not fulfill the requirements of Rule 609. The charge did not result in a conviction because adjudication was withheld, and even if it was a conviction, it is over 10 years old because D.M.U. "was found guilty" in 2008 and completed her sentence in 2009. (Mot., ECF No. 27 at 1.) The Court therefore grants the Government's motion and excludes any questioning concerning this prior

arrest. (ECF No. 27.)

### 3. Conclusion

Accordingly, the Court **grants in part but denies in part** the Government's motion in limine seeking to admit certain evidence (**ECF No. 24**) and **grants** the Government's motion in limine seeking to exclude impeachment evidence. (**ECF No. 27**.)

**Done and ordered**, in Miami, Florida, on February 6, 2024.

_____
Robert N. Scola, Jr.
United States District Judge